117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mirna Azecuna ROSALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70557, Akv-gaq-hdg.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals INS No. Afn-kqr-oge.
 
 
 2
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Mirna Azecuna Rosales, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") order denying her applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 5
 Rosales contends that she has established the requisite past persecution and well-founded fear of future persecution to be eligible for political asylum. We disagree.
 
 
 6
 Because the BIA reviewed the IJ's decision de novo, our review is limited to the BIA's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). Factual findings underlying the denial of asylum are reviewed for substantial evidence, and we will reverse only if a reasonable factfinder would be compelled to conclude that the petitioner established a well-founded fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 7
 To be eligible for asylum, Rosales must provide "credible, direct, and specific evidence" that would support a reasonable fear of persecution on account of her political opinion. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). Rosales testified that she was politically active for the Somoza party and worked for a military factory owned by the Somozan government. In 1979, when the government fell and the factory closed, Sandinistas came looking for her. After that, she did not work in public for fear of being recognized. She lived with various family members for eleven years until she left Nicaragua.
 
 
 8
 We conclude that substantial evidence supports the BIA's finding that Rosales has not established past persecution. The Sandinistas never arrested, detained or physically harmed Rosales, see Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) and she lived safely for many years after the Somozan government fell, see Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991).
 
 
 9
 Even if Rosales had established past persecution, the fact that as of 1990, the Sandinista party no longer controls the Nicaraguan government further undermines her claim that she reasonably fears future persecution. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution). We therefore conclude that substantial evidence supports the BIA's determination that she failed to establish a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 481.[1]
 
 
 10
 Because Rosales failed to demonstrate a well-founded fear of persecution, she also failed to satisfy the higher standard required for withholding of deportation. See Kazlauskas, 46 F.3d at 907.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Rosales' contention that the BIA abused its discretion by taking administrative notice of the 1995 Country Reports from the State's Bureau of Democracy, Human Rights and Labor. The reports were submitted as evidence without objection, providing Rosales notice and opportunity to respond. See Getachew v. INS, 25 F.3d 841, 844-45 (9th Cir.1994)